## **SETTLEMENT AGREEMENT**

1. This Settlement Agreement ("Agreement") is entered into by and between Gail Quinones ("Quinones") and Siemens Industry, Inc. ("Siemens"), with each party intending to be bound by the terms and conditions of this Agreement. For purposes of this Agreement, Quinones and Siemens are collectively referred to as the "Parties." For purposes of this Agreement, Siemens includes Siemens Corporation, Siemens USA Holdings, Inc., and Siemens AG.

2. <u>Non-Admission</u>. This Agreement does not constitute an admission by Siemens of any violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

3. Quinones filed a lawsuit against Siemens in the United States District Court, Middle District of Florida, Orlando Division (Case No.: 6:15-cv-1068-ORL-28TBS) alleging violations of the Fair Labor Standards Act for unpaid overtime and retaliation. The Parties desire fully and finally to resolve this litigation. Quinones represents that no other charges, actions or claims are pending on Quinones's behalf against Siemens, other than those set forth in this paragraph.

4. Payment to Quinones. In consideration for signing this Agreement and the fulfillment of the promises herein, Siemens agrees to pay Quinones the total sum of Fourteen Thousand Dollars and Zero Cents ($14,000.00). This payment is inclusive of all claims for attorneys' fees, costs, and expenses. The payment will be made within ten (10) business days of the Court's order approving the Parties' Motion to Approve the Agreement. The settlement checks will be prepared as follows:

    (a) Siemens agrees to pay Quinones the sum of Six Thousand Four Hundred Dollars and Zero Cents ($6,400.00) for alleged back pay made payable to Quinones, less all applicable withholding taxes and payroll deductions;

    (b) Siemens agrees to pay Quinones the sum of Six Thousand Four Hundred Dollars and Zero Cents ($6,400.00) for alleged liquidated damages made payable to Quinones; and

    (c) Siemens agrees to pay Quinones the sum of One Thousand Two Hundred Dollars and Zero Cents ($1,200.00) in a check made payable to Quinones's attorney, Scott Siverson. Scott Siverson will be issued a 1099 for this amount. The foregoing attorney's fees and costs were agreed upon separately and without regard to the amount paid to the Quinones. Furthermore, the Parties specifically are aware of, and agree with, the amount of attorneys' fees and costs to be paid to Quinones's counsel for representing Quinones's interests in this matter.

Quinones acknowledges that the payment of the monies by Siemens identified herein constitutes full and complete payment of any unpaid wages and related damages allegedly owed to her at the time of execution of this Agreement and that she sought in this action, and agrees not to pursue any additional claim based on alleged overtime or unpaid wages. Quinones agrees that upon receipt of the settlement funds described in Paragraph 4 above, her claims raised in this action will be moot.

5. <u>Withdrawal of Claims</u>. The Parties will jointly file a Motion for Approval of Settlement with each party to bear her or its own fees other than what is described within this Agreement. Further, Quinones agrees that through this Agreement, she waives any right or entitlement to any compensation or recovery through any class or collective action that has been or may be filed against Siemens regarding the payment of overtime wages, and that if she receives notice of any such action, she will either opt-out of same if a class action, or decline to opt-in if a collective action.

6. <u>Release of Claims</u>. Quinones, on her own behalf, Quinones's descendants, dependents, heirs, executors, administrators, assigns, and successors, and fully, finally and forever releases and discharges Siemens from the Fair Labor Standards Act violations as alleged in her Complaint (Case No.: 6:15-cv-1068-ORL-28TBS).

7. <u>No Pending Complaints</u>. Quinones represents, warrants, and agrees that she has not filed any lawsuits or arbitrations against Siemens or filed or caused to be filed any claims, claims, charges, or complaints against Siemens in any administrative, judicial, arbitral, or other forum, including any charges or complaints against Siemens with any international, federal, state or local agency charged with the enforcement of any law or any self-regulatory organization. Quinones is not aware of any factual or legal basis for any legitimate claim that Siemens are in violation of any whistleblower, corporate compliance, false claims, or other regulatory obligation of Siemens under international, federal, state, or local law, rule, regulation, or Siemens's policy. Quinones further represents, warrants, and agrees that if she was ever aware of any such basis for a legitimate claim against Siemens, she informed Siemens of same.

8. <u>Non-Interference.</u> Nothing in this Agreement shall interfere with the Quinones's right to file a charge, cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations, or other federal or state regulatory or law enforcement agency.

9. <u>Payment of Applicable Taxes</u>. Quinones is and shall be solely responsible for all federal, state, and local taxes that may be owed by Quinones by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Quinones agrees to indemnify and hold Siemens harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Quinones under this Agreement unless such liability is caused by an action or inaction of Siemens.

10. <u>Transfer of Claims</u>. Quinones represents and warrants she has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. Quinones agrees to indemnify and hold Siemens harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. The Parties further warrant that there is nothing that would prohibit each Party from entering into this Agreement.

11. <u>No Future Employment.</u> Quinones agrees and recognizes that her relationships with Siemens has been permanently and irrevocably severed. Quinones hereby understands and agrees that she will not be re-employed by Siemens in the future and that Quinones will never knowingly apply for any job or position in the future with Siemens. Quinones agrees that if she knowingly or unknowingly apply for a position and is offered or accepts a position with Siemens or its related entities, the offer may be withdrawn and Quinones may be terminated without notice, cause, or legal recourse.

12. <u>Non-Disparagement</u>. The Parties agree that they will not make or cause to be made any statements that disparage or damage the reputation of one another from the signing of this Agreement. Siemens agrees, consistent with the Verification and Reference of Employment Policy, to only provide information regarding Quinones's dates of employment, positions held, and salary in response to external inquires unless otherwise required by law. Quinones agrees to direct prospective employers to The Work Number at www.theworknumber.com or 1-800-367-5690.

13. The Parties acknowledge that if either materially breaches breach this Agreement, including but not limited to commencing a suit or action or complaint in contravention of this release and waiver of claims, the Parties' obligations to perform under this Agreement immediately shall cease and the aggrieved Party shall be entitled to all other remedies allowed in law or equity. The prevailing party in such an action is entitled to attorneys' fees and costs. Quinones and Siemens hereby expressly waive any and all right to a trial by jury with respect to any action, proceeding or other litigation resulting from or involving the enforcement of this Agreement.

14. <u>Entire Agreement</u>. This Agreement contains the entire agreement and understanding between Quinones and Siemens with respect to the claims that Quinones brought against Siemens in Case No.: 6:15-cv-1068-ORL-28TBS, and supersedes all other agreements between Quinones and Siemens with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by both Quinones and Siemens.

15. <u>Severability</u>. The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part,

term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the Parties.

16.  <u>Parties' Acknowledgement</u>.  The Parties acknowledge that no representation, promise, or inducement has been made other than as set forth in this Agreement, and that the Parties enter into this Agreement without reliance upon any other representation, promise or inducement not set forth herein.  The Parties further acknowledge and represent that each assumes the risk for any mistake of fact now known or unknown, and that each Party understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted.  Quinones also acknowledges: (a) that she has consulted with or has had the opportunity to consult with an attorney of her choosing concerning this Agreement and has been advised to do so by Siemens; and (b) that Quinones has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on her own judgment and/or Quinones's Attorney's advice.  Quinones acknowledges that she has been given a reasonable time to consider the terms of this Agreement.

17.  <u>Headings</u>.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

18.  <u>Execution</u>.  This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

_10-13-16_
Date

_____
Gail Quinones

_____
Date

Digitally signed by Aron Ivan
DN: cn=Aron Ivan, o=Siemens,
email=ivan.aron@siemens.com
Reason: I am approving this document
Date: 2016.10.11 16:22:16 -04'00'

Authorized Representative of Siemens Industries, Inc.

WSACTIVELLP:8755266.1